

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| **KIMBERLYN RIGGINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 4:17-CV-368-VEH** |
| | ) |
| **NANCY A. BERRYHILL,** *Acting* | ) |
| *Commissioner, Social Security* | ) |
| *Administration,* | ) |
| | ) |
| **Defendant**. | ) |

## MEMORANDUM OPINION

## I.    INTRODUCTION

Plaintiff Kimberlyn Denise Riggins ("Riggins") brings this action under 42 U.S.C. § 405(g). Riggins seeks review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner"), who denied her application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Riggins filed her application on January 10, 2014. After that, Riggins exhausted the administrative remedies available before the Commissioner. This case is now ripe for judicial review under section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g).

Riggins appeals the ALJ's decision on seven different grounds. After reviewing

the entire record and the arguments set forth, this Court **AFFIRMS** the Commissioner's decision.

## II.   RELEVANT BACKGROUND

Riggins "was 46 years old . . . on [her] alleged disability onset date." (Tr. 82). Her past relevant work includes being "a patient insurance clerk, an inventory clerk, and a warehouse worker." (*Id.*). The alleged onset date is August 1, 2013. (*Id.* at 73). On January 10, 2014, Riggins applied for SSI and DIB. (*Id.*). The Social Security Administration denied that application on March 17, 2014. (*Id.*). On November 10, 2015, Administrative Law Judge Lisa M. Johnson held a video hearing. (*Id.*). The ALJ issued her decision on December 4, 2015, which was unfavorable to Riggins. (*Id.* at 84). The ALJ determined that Riggins suffers from numerous severe impairments but found that her impairments did not meet the severity of the ones included in the Code of Federal Regulations. (*Id.* at 75-76). The ALJ also determined that Riggins could still perform substantial gainful activity. (*Id.* at 82-83).  Riggins requested the Appeals Council review her claim. (*Id.* at 1-4). They refused. (*Id.*).

Riggins filed her Complaint in the Northern District of Alabama on March 7, 2017. (Doc. 1). She filed her brief in support of her Complaint on November 8, 2017. (Doc. 8). The Commissioner responded on January 10, 2018. (Doc. 11). Riggins replied on January 24, 2018. (Doc. 12).

## III.    STANDARDS

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id*. Factual findings that are supported by substantial evidence must be upheld by the court.

The ALJ's legal conclusions, however, are reviewed *de novo*, because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. *Cornelius v. Sullivan*, 936 F.

2d 1143, 1145-46 (11th Cir. 1991).

## IV. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[1] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1)    whether the claimant is currently employed;

---

[1] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499.

(2)     whether the claimant has a severe impairment;

(3)     whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];

(4)     whether the claimant can perform his or her past work; and

(5)     whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).

The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*

## V.     FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

After considering the record, the ALJ made the following findings:

1.     The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.

2. The claimant has not engaged in substantial gainful activity since August 1, 2013, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: degenerative disc disease with lumbar pain and cervicalgia, gastroesophageal disease (GERD), narcolepsy, and rheumatoid arthritis (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or a combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform work at the light exertional level, but she can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs, balance, stoop, crouch, kneel, and crawl. The claimant should avoid all exposure to workplace hazards (e.g., dangerous machinery and unprotected heights). She can perform jobs that do not require commercial driving. The claimant is limited to frequent interaction with coworkers and the general public. She is able to maintain attention and concentration two-hour periods at a time; understand, remember, and carry out simple instructions; make simple work-related decisions; and adapt to routine and infrequent workplace changes.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on [REDACTED] and was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to

communicate in English (20 CFR 404.1564 and 416.964).

9.     Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11.    The claimant has not been under a disability, as defined in the Social Security Act, from August 1, 2013, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 75-83) (emphasis omitted).

## VI. ANALYSIS

Riggins has seven different assignments of error on appeal. None of them merit reversal, but all of them received individual attention from the Court.

### A. There Is No Reversible Error in the Appeals Council's Consideration of the New Evidence

Riggins argues that "[t]he Appeals Council failed to review new submissions dated after the date of the ALJ Decision solely because the records were dated after the date of the Decision, without considering if the submissions were chronologically relevant." (Doc. 8 at 2) (emphasis omitted); (*see also id.* at 37-48). In support, Riggins mainly relies on the Eleventh Circuit's decisions in *Washington* and *Hunter*.

(*Id.* at 37-40) (citing *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317 (11th Cir. 2015);[2] *Hunter v. Soc. Sec. Admin., Comm'r*, 705 F. App'x 936 (11th Cir. 2017)).[3] Riggins's argument section on this alleged point of error contains no actual analysis, only a recitation of prior case law. (*See id.*).[4] Merely citing snippets of prior case law and statutes is not sufficient to raise an issue on appeal to a district court. What the Court needs to know is <u>why</u> binding authority dictates a certain outcome <u>on the facts of this case</u>. This alone is enough to deny this ground for appeal. *Cf. Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, (11th Cir. 1995) (citing *Blue Cross & Blue Shield v. Weitz*, 913 F.2d 1544, 1550 (11th Cir.1990)) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it."). Alternatively, this argument fails on the merits.

The Commissioner responded to this argument by noting that the records are not chronologically relevant. (*See* Doc. 11 at 22). In support, the Commissioner argues that the records do not "expressly relate[ ] back to the period before the ALJ's

___

[2] The court stated that "Dr. Wilson's opinions are new, material, and chronologically relevant evidence, the Appeals Council was required to consider them." *See Washington*, 806 F.3d at 1323.

[3] In *Hunter*, the Court "[held] that Dr. Wilson's evaluation is chronologically relevant because it related back to the period on or before the date of the ALJ's decision, even though his evaluation occurred after the date of the ALJ's decision." *Hunter*, 705 F. App'x at 941.

[4] Similarly, her reply contains no actual analysis, just a recitation of prior case law and statute. (*See* Doc. 12 at 13-15). There is no discernable attempt to engage the record and rebut the Commissioner's argument. (*See id.*).

decision." (*Id.* at 24).

There is little evidence that these records are chronologically relevant. (*See* Tr. 8-60). Even if the Court were convinced that the new materials were chronologically relevant, Riggins has not made the requisite showing that they were also new and material. Riggins has the burden to prove her disability. *See Vaugh v. Heckler*, 727 F.2d 1040, 1041-42 (11th Cir. 1984) ("[A] claimant has the burden of proving disability.") (citing *Crosby v. Schweiker*, 650 F.2d 777, 778 (5th Cir. 1981)). Accordingly, this argument is **DENIED**.

## B. There Is No Reversible Error in the ALJ's Treatment of the Physician's Opinions

### i. Treating Physician

Riggins's also argues that "[t]he ALJ failed to accord proper weight to Dr. Odjegba, the treating physician and failed to state good cause for rejecting the opinion." (Doc. 8 at 1); (*see also id.* at 21-24). In response, the Commissioner argues that "Dr. Odjegba's opinion of extreme physical limitations is inconsistent with the other evidence in the record." (Doc. 11 at 7). Additionally, the Commissioner argues that the same is true regarding the mental limitations. (*See id.* at 8).[5] On review, the Court agrees.

---

[5] The Mental Health Source Statement is on page 549 and the Physical Capacities Form is on page 550 of the record. (Tr. 549-550). Both were completed on October 1, 2015. (*See id.*).

"A treating physician's report 'may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory.'" *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (quoting *Edwards v. Sullivan*, 937 F.2d 580, 583–84 (11th Cir.1991)). The ALJ gave a detailed discussion about Dr. Odjegba's opinion. (Tr. 80-81). The ALJ noted the areas in the record that did not support that opinion. (*See id.*).

While the record supports Riggins's impairments to a degree, they do not support the extreme nature that Dr. Odjegba concludes. (Doc. 11 at 7-8) (citing to the record). For example, the medical records indicate generally unremarkable x-rays and MRIs. (Tr. 454-57, 555); (*id.* at 556) (noting generally normal findings but an "L4-5 annular tear and disc bulge"). Additionally, the medical record notes fairly unremarkable mental health findings. (Tr. 477-78). Even Dr. Odjegba noted normal psychiatric findings. (*See e.g.*, Tr. 645, 658, 667, 697). In reply, Riggins cites solely to the records submitted to the Appeals Council. (Doc. 12 at 3-4). However, as explained in the previous section, those records properly were not considered.

The ALJ provided adequate reasons for discounting Dr. Odjegba, and Riggins has failed to show how the record renders that determination erroneous. Accordingly, this argument is **DENIED**.

### ii.    Examining and Non-Examining Physicians

Next, Riggins argues that "[t]he ALJ erred in giving more weight to non-examining than examining physicians." (Doc. 8 at 1); (*see also id.* at 24-26). This is because "the [ALJ] [gave] great weight to the opinion of Dr. Estock, the State agency psychiatrist." (Tr. 81). Further, she "[gave] some weight to the opinion of Dr. Colon-Lindsey." (*Id.*). Finally, she "[gave] little weight to the opinions of Dr. Odjegba (Exhibits 12F and 13F) because they are inconsistent with his own treatment records and the opinions of Drs. Estock and Colon-Lindsey." (*Id.*).

In response, the Commissioner argues that "Dr. Estock's opinion is consistent with other evidence of record." (Doc. 11 at 10). The record does contain some evidence of mental health issues. (*See e.g.*, Tr. 365). However, much of the record does not indicate disabling mental impairments (*See* Tr. 349, 354, 358, 362); (*see also id.* at 476-79) (records from Dr. Colon-Lindsey noting that "[n]o psychiatric diagnosis elicited from the interview or records reviewed"); (*id.* at 479) (noting a GAF of 90). Further, while it is true that daily activity does not automatically disqualify a claimant from disability,[6] it is still proper to consider it. *See Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005). Here, the record and Riggins's daily activity is inconsistent with extreme limitations and supports relying on Dr. Estock.

---

[6]  *Holman v. Barnhart*, 313 F. Supp. 2d 1265, 1270-71 (N.D. Ala. 2004).

Next, the Commissioner argues that the ALJ was correct to give some weight to Dr. Colon-Lindsey's consultative opinion. (*See* Doc. 11 at 11-12). At her examination, Riggins drove herself, was timely, "calm and in no apparent distress." (Tr. 476). Dr. Colon-Lindsey noted Riggins "is independent with activities of daily living." (*Id.* at 477). The doctor also noted that:

> She helps her children get ready for school and prepares breakfast. She then takes them to school. She is back at the house and picks up around the house. She picks up the children at school. They get back home and she prepares meals for all of them to eat. She does house chores to include making the beds, laundry, cleaning the kichen, and dishes. She goes to the store for groceries, watches television, and reads some. She attends church regularly.

(*Id.*). The doctor also noted "[g]ood" "concentration, persistence, & pace." (*Id.*) (emphasis and capitalization omitted). She had "good grooming and hygiene." (*See id.*). She behaved appropriately. (*See id.*). She had a generally unremarkable examination. (*See id.* at 477-78). Dr. Colon-Lindsey noted only "moderate" limitations because of narcolepsy. (*See id.* at 479).

The Court also notes that while Riggins was given Klonopin, she was not actually taking that prescribed medication. (Tr. 350, 476).[7] Only a little before she was prescribed Klonopin, Riggins was advised to merely adopt "[b]etter sleep

---

[7] Why she did not take the medication in this instance is not entirely clear, though there is some indication that her ability to afford medication was an issue in the past. (*See* Tr. 99).

practices" and "avoid daytime naps." (Tr. 354). Riggins was actually able to work for several years in a workplace while having narcolepsy. (Tr. 78, 477). Accordingly, the ALJ was correct to adopt much of Dr. Colon-Lindsey's opinion, but was justified in disregarding opinions relating to the more broad limitations noted from narcolepsy. In conclusion, this argument is **DENIED**.

### C.     There Is No Reversible Error in the ALJ's RFC Determination

Riggins's next argument is that "[t]he finding that [she] retains residual functional capacity to perform light work is not supported by substantial evidence" and that "[t]he RFC is conclusory and violates SSR-96-8a." (Doc. 8 at 1); (*id.* at 26-28).[8]

She argues that the RFC "does not contain any rationale or reference to the supporting evidence." (*Id.* at 26). In making that statement, Riggins entirely ignores over four pages of detailed analysis by the ALJ about her residual functional capacity. (Tr. 78-82). In fact, the ALJ's determination was complete, with multiple citations to the record and supporting evidence, including Dr. Odjegba, Dr. Colon-Lindsey, and Dr. Estock. (*Id.*). The ALJ discussed multiple exhibits, the weight given to various

---

[8] The Court assumes that Riggins meant to challenge the ALJ under SSR 96-8p, not 96-8a. Under SSR 96-8p, "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p.

opinions, the credibility determinations, and Riggins's limitations. (*Id.*).

To the extent that Riggins challenges the RFC for not including Dr. Odjegba's or Dr. Colon-Lindsey's limitations, the Court notes that this argument is redundant of the previously considered, and rejected, arguments in Sections A and B of today's opinion. There was no reversible error in how the ALJ treated the various physician opinions submitted to her. Additionally, only the ALJ determines the RFC. *See Langley v. Astrue*, 777 F. Supp. 2d 1250, 1261 (N.D. Ala. 2011) ("Under the Commissioner's regulations, an RFC is not considered to be a medical assessment.").

With little explanation why, Riggins argues that her case is "similar to *Walker v. Bowen*", a case from the Eleventh Circuit. (Doc. 8 at 28) (citing *Walker v. Bowen*, 826 F.2d 941 (1987)). This Court has previously noted, in response to a similar argument, that "Social Security cases are necessarily very fact-specific undertakings." *Caves v. Berryhill*, No. 4:16-cv-1903-VEH, 2018 WL 888885, *5 (N.D. Ala. Feb. 14, 2018) (Hopkins, J.). In this case, the ALJ's reasoned opinion is supported by at least substantial evidence. (Tr. 78-82). Accordingly, this case is not like that in *Walker*.

For the aforementioned reasons, this argument is **DENIED**.

### D. There Is No Reversible Error in the ALJ's Consideration of Riggins's Impairments

Riggins's next argument is that "[t]he ALJ failed to consider all of [her] severe

impairments." (Doc. 8 at 1); (*see also id.* at 28-29). Riggins argues that the ALJ should have found her "hypertension, migraine headaches[,] and anxiety" to be severe. (*See id.* at 28). This is a step two argument. However, Riggins does not actually argue why these impairments are severe. (*See id.* at 28-29).

In response, the Commissioner has basically three arguments. (*See* Doc. 11 at 13-14). The first is that Riggins "fail[ed] to demonstrate how her conditions caused limitations on her ability to work beyond the limitations found by the ALJ." (*See id.* at 13) (citing other sources). The second is that the "[ALJ] considered the 'entire record' and 'all symptoms.'" (*See id.*) (citing other sources). Finally, the Commissioner notes that Step Two was actually favorable to Riggins and that the ALJ proceeded on in the framework. (*See id.* at 14); *see also Scott v. Colvin*, No. 3:12-cv-3880-AKK, 2014 WL 4187444, *6 (N.D. Ala. Aug. 18, 2014) (Kallon, J.) ("To the extent [plaintiff] is actually quibbling with the specific impairments listed in the ALJ's Step Two finding, this contention fails because the ALJ found in Scott's favor at that step.").

"In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8p. The Eleventh Circuit has stated that "[s]tep two is a threshold inquiry." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). Further, "[a]n impairment

is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *See id.*

On balance, the Court agrees with the Commissioner's arguments. Riggins has failed to show why the ALJ was wrong not to include these impairments and why this error (if indeed there was one) was not harmless. *See Scott*, 2014 WL 4187444, *6 ("[E]ven assuming that Scott is correct, the ALJ's failure to identify all of her severe impairments is harmless because it did not, in any way, change the ALJ's decision.") (citing sources). Accordingly, this argument is **DENIED**.

**E.    There Is No Reversible Error in the ALJ's Credibility Determination**

Riggins's next argument is that "[t]he ALJ failed to state adequate reasons for finding [her] not credible." (Doc. 8 at 1); (*see also id.* at 29-35). Riggins's argument mainly relies on a recitation of prior case law and part of the hearing transcript. (*See id.* at 29-35). Riggins states that "[t]he 'reasons' set out in the body of the decision by the ALJ are not adequate reasons for finding [her] not credible." (*Id.* at 34). Riggins does not clearly say why, though the Court assumes that Riggins is relying on the Vocational Expert's testimony since she cites to it subsequently and extensively. (*Id.* at 34-35).

In response, the Commissioner argues that this determination is supported by substantial evidence. (Doc. 11 at 15). The Commissioner argues that the medical record simply does not support physical or mental disability. (*See id.* at 16-17).

The Eleventh Circuit pain standard is as follows:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain. *See Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir.1991). If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so. *See Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir.1987). Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true. *See Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir.1988).

*Wilson v. Barhnart*, 284 F.3d 1219, 1225 (11th Cir. 2002).

This Court must determine if the ALJ's finding "is supported by substantial evidence." *Id.* For the reasons stated, it is. First, many of the medical records are unremarkable or mild. *See e.g.,* (Tr. 454) (x-ray result that noted that "[t]here is no evidence for trauma, or degenerative changes"); (*Id.* at 411) (x-ray that noted mild problems and degenerative osteoarthrititis); (*id.* at 651-58). The same is true for the records relating to her mental health. (*See id.* at 476-79, 525, 658, 667, 687, 697). The ALJ spent time going through the record explaining the logic behind her decision. (*Id.*

at 79-81). Additionally, the ALJ noted a relatively conservative treatment plan and Riggins's noncompliance with Klonpin. (*Id.*). It is appropriate to take the conservative nature of treatments into account. *See Brown v. Comm'r Soc. Sec.*, 680 F. App'x 822, 826 (11th Cir. 2017) (affirming an ALJ where the "doctors recommended conservative treatments").

Both the ALJ and the Commissioner note Riggins's level of activity. (Doc. 11 at 18); (Tr. 76-77). The Court previously discussed Riggins's daily activities in section B, subsection i. That analysis is applicable here as well, and it further lends credence to the ALJ's decision. In reply, Riggins points to case law to show that some daily activity does not mean that a claimant is not disabled. (*See* Doc. 12 at 10-11). As the Court previously discussed, just because a claimant performs some daily activity does not disqualify him from disability, but it is nevertheless appropriate to consider a claimant's level of daily activity in evaluating how consistent that activity is with the claimant's allegations of disability. *See Moore*, 405 F.3d at 1212. The ALJ did not solely rely on Riggins's daily activity– far from it. The ALJ relied on the "entire record." (Tr. 73, 78).

Upon review, it is clear that the ALJ's determination here is supported at least by substantial evidence. Accordingly, this argument is **DENIED**.

### F.    The ALJ's Decision Is Supported by Substantial Evidence

Riggins's next argument is that "[t]he ALJ['s] Decision was not based on substantial evidence." (Doc. 8 at 2); (*see also id.* at 35-37). In support, Riggins argues that the ALJ's limitations given to the Vocational Expert were not accurate. (*See id.* at 35). Riggins argues that "[w]hen the VE considered all of [her] limitations, he testified there was no work [she] could perform." (*Id.* at 36). For this argument, Riggins's only citations to the record come from the hearing testimony. (*Id.* at 35-37).

In response, the Commissioner notes that "the ALJ is not required to include unsupported limitations in the hypothetical question to the [vocational expert] or accept the [vocational expert's] testimony in response to a hypothetical question that included such limitations." (Doc. 11 at 20) (citing sources). The Commissioner goes on to argue that "[Riggins] failed to meet her burden of proving she could not perform the jobs identified by the [vocational expert]." (*Id.*).

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999)). Therefore it also makes sense that the hypothetical question should not comprise of impairments that are found not to be credible. *Cf. id.*

The Court has previously discussed in Section C how the ALJ's RFC determination was supported by substantial evidence. Accordingly, the hypothetical questions relied on by the ALJ were proper. Additionally, to the extent that this point of error attempts to challenge the Step Five determination, the Court notes that Riggins has made no discernible attempt to argue that she could not perform the jobs of marker, cleaner, and folder. (*See* Doc. 8 at 35-37); (Tr. 83); *see Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) ("At the fifth step, the burden shifts to the Commissioner to determine if there is other work available in significant numbers in the national economy that the claimant is able to perform. *See* [20 C.F.R. § 416.920] If the Commissioner can demonstrate that there are jobs the claimant can perform, the claimant must prove she is unable to perform those jobs in order to be found disabled. *See id.*"); *see also Sanchez v. Comm'r Soc. Sec.*, 507 F. App'x 855, 858 (11th Cir. 2013) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004)).

There is simply no grounds on which to reverse the ALJ on this issue. Accordingly, this argument is **DENIED**.

## VII. CONCLUSION

Riggins has raised numerous points of error in this appeal. None of them merit disturbing the ALJ's thorough decision. In conclusion, the ALJ's decision is due to be, and hereby is, **AFFIRMED**.

**DONE** and **ORDERED** this 9th day of May, 2018.

**VIRGINIA EMERSON HOPKINS**
United States District Judge